Shana Stark (SBN 171555)
sstark@raslg.com
David Coats (SBN 295684)
dacoats@raslg.com
**ROBERTSON, ANSCHUTZ & SCHNEID & CRANE LLP**
1 Park Plaza, Suite 600
Irvine, CA 92614
Phone: (470) 321-7112

Attorneys for Selene Finance LP, As Servicer In Fact
 For U.S. Bank Trust National Association, Not
In Its Individual Capacity But Solely as Owner
Trustee for RCF 2 Acquisition Trust

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.: 1:26-bk-10483-VK** |
| **Terry A. Dichter and Judith D. Dichter,** | **CHAPTER 11** |
| **Debtors,** | **CREDITOR'S REPLY TO DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY (Dkt. # 54)** |
| | **Date:  July 16, 2026** |
| | **Time:  9:30 a.m.** |
| | **Place:  21041 Burbank Blvd., Woodland Hills, CA 91367** |
| | **Crtrm: 301** |
| | **Judge: The Hon. Victoria S. Kaufman** |

**TO   THE   HONORABLE   VICTORIA   S.   KAUFMAN,   UNITED   STATES**

**BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; AND ALL INTERESTED**

**PARTIES AND THEIR ATTORNEYS OF RECORD;**

Movant, Selene Finance LP As Servicer In Fact For U.S. Bank Trust National Association,

- 1 -                    CASE NO. 26-10483

**CREDITOR'S REPLY TO DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM THE
AUTOMATIC STAY (Dkt. # 54)**

Not In Its Individual Capacity But Solely as Owner Trustee for RCF 2 Acquisition Trust, ("Movant"), by and through the undersigned counsel, hereby submits the following Reply to Debtors' Opposition to Motion for Relief from the Automatic Stay (Dkt. No. 54) (the "Opposition") as follows:

Debtor's opposition to the Motion essentially relies on two arguments: (1) that Creditor failed to meet the requirements of California Civil Code 2924m, and (2) that Debtors are somehow protected by "strong-arm powers" granted them by 11 U.S.C. section 544(a).

## I.    Creditor satisfied the requirements of California Civil Code 2924m.

California Civil Code section 2924m(c) provides that

A trustee's sale of property under a power of sale contained in a deed of trust or mortgage on real property containing one to four residential units…shall not be deemed final until the earliest of the following:

1. If a prospective owner-occupant is the last and highest bigger, the date upon which the conditions set forth in Section 2924h for the sale to become final are met.
2. Fifteen days after the trustee's sale unless one eligible tenant buyer or eligible bidder submits to the trustee either a bid pursuant to paragraph (3) or (4) or a nonbinding, written notice of intent to place such a bid.
3. The date upon which a representative of all eligible tenant buyers submits to the trustee a bid in an amount equal to the full amount of the last and highest bid at the trustee's sale.
4. Forty-five days after the trustee's sale, except that during the 45 day period an eligible bidder may submit to the trustee a bid in an amount that exceeds the last and highest bid at the trustee's sale.

The statute goes on to say at subsection e(1) that if none of those conditions have been satisfied then the sale will still be considered final if:

1. Not later than 48 hours after the trustee's sale of the property…the trustee or an authorized agent shall post on the internet website set forth on the notice of sale…the following information:
   a. The date on which the trustee's sale took place;
   b. The amount of the last and highest bid at the trustee's sale; and
   c. An address at which the trustee can receive documents sent by United

- 2 -    CASE NO. 26-10483

**CREDITOR'S REPLY TO DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY (Dkt. # 54)**

States mail and by a method of delivery providing for overnight delivery.

Movant asserts that it has complied with the pertinent notice requirements set forth in §2924m(e). Movant's compliance was previously detailed in Creditor's Reply to Debtor's Opposition to Motion for Relief From Automatic Stay and Declaration of Emma Taylor in Support Thereof, filed by Movant on May 7, 2026 at Dkt. Nos. 41 ("First Reply") and 42 ("Declaration"):

Movant, through its authorized agent ServiceLink, posted a notice of the post-sale information on its website regarding the completed sale of the Subject Property on the Sale Date and followed the protocols for post-sale notice. Movant always receives a copy of the post-sale notice after 48 hours of the posting. A true and correct copy of the post-sale notice was attached as Exhibit A to the First Reply.

There was a correct post-sale notice in the manner and form prescribed by §2924m(e), when the winning, high bidder, an investment company, is not a prospective owner-occupant under California Civil Code §2924m(c) (1). The Declaration supports the First Reply that all the requirements were satisfied.

The enactment in 2020 of §2924m, created a post-sale opportunity up to 45 days for "prospective owner-occupants" of the Subject Property to match the highest and best bid on the Sale Date. Per §2924m a sale is "deemed final" if a "prospective owner-occupant" is the "last and highest" bidder and timely performs the requirements under §2924h for a sale to become final.

In this case, Debtors have offered no evidence that during this 45 day period, that they were an "eligible bidder" or "prospective owner-occupant" and failed to submit a bid or proper affidavit of eligibility, proof of funds, or timely tender a qualifying bid that exceeded the last

- 3 -                                         CASE NO. 26-10483
**CREDITOR'S REPLY TO DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM THE
AUTOMATIC STAY (Dkt. # 54)**

and highest bid on the Sale Date, nor did the Debtors submit a written notice of intent to bid as required by Cal. Civ. Code §2924m(c) (4)(A)(B). (See the Declaration)

Further, since the "last and highest" bidder on the Sale Date was an investment company and not a "prospective owner-occupant" within the meaning of §2924m, then the post-sale procedures are triggered for the sale to be "deemed final" pursuant to Cal. Civ. Code §2924m(e) (1)-(4).

In this case, Movant, through SeviceLink, within 48 hours following the Sale Date, posted on its website, the Notice of Sale, the file number assigned to the sale, the date which the sale took place, the opening bid, the amount of the last and highest bid, the trustee's name, address and phone which to receive documents in compliance with § 2924m(e) (1)-(4). (See Exhibit A to the First Reply)

Based on the foregoing, Movant has correctly complied with the statutory post-sale notice requirements of §2924m(e) (1)-(4), and respectfully submits that the foreclosure sale is final.

**II.** **11 U.S.C. section 544(a) is irrelevant here and grants no powers to Debtors.**

Debtors argue that "…the foreclosure sale is moot and cannot pass title. Under the Debtors' status as a debtor in possession provides them with the strong-arm powers under Section 544(a) which gives them the status of a bona fide purchaser for value as of the date of filing."

11 U.S.C. section 544(a) reads:

> "The trustee shall have…the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by— […] (3) a bona fide purchaser of real property…from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case."

That code section grants the trustee the power to void a transfer of the property; by its

- 4 -                     CASE NO. 26-10483

**CREDITOR'S REPLY TO DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM THE
AUTOMATIC STAY (Dkt. # 54)**

plain language, the code section does not grant that power (or any residual power) to debtors. Therefore, the Debtors' assertions that the aforementioned code section grants them "strong-arm powers" and makes them "bona fide purchasers" is irrelevant.

Debtor never explains the "relation back provisions" that it alleges have expired pursuant to "California law." As best Movant can determine, Debtor is alleging that the foreclosure sale can be treated as complete and final as of the day of the sale, provided that the successful bidder records the trustee's deed upon sale within 21 days.

Here, Debtor filed for bankruptcy seven days after the foreclosure sale. The trustee's deed upon sale has therefore not been recorded so as not to potentially violate the automatic stay. It is no longer possible to record the trustee's deed upon sale within 21 days of the sale date. However, as explained above (and in the First Reply and Declaration), Movant respectfully submits that because Movant satisfied the requirements for the foreclosure sale to be deemed final pursuant to California Civil Code section 2924m(e)(1). Any discussion of "relation back provisions" is therefore not relevant.

Accordingly, Movant respectfully requests that the Motion for Relief from the Automatic Stay be granted.

Date: July 2, 2026

**ROBERTSON, ANSCHUTZ & SCHNEID & CRANE LLP**

By: /s/ David Coats_____
     David Coats
     Attorneys for Movant

- 5 -

CASE NO. 26-10483

**CREDITOR'S REPLY TO DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY (Dkt. # 54)**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Robertson, Anschutz, Schneid & Crane, LLP / 1 Park Plaza, Suite 600, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): _____
Creditor's Reply to Debtors' Opposition to Motion for Relief From Automatic Stay (Dkt. # 54) _____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/02/2026         , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Katherine Bunker: kate.bunker@usdoj.gov
Joseph Gerard McCarty: jmlawoff@gmail.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)   07/02/2026        , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Terry A. Dichter: 3525 Eddingham Ave., Calabasas, CA 91302
Judith D. Dichter: 3525 Eddingham Ave., Calabasas, CA 91302
United States Trustee (SV): 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/02/2026    David Coats | /s/ David Coats |
|---|---|
| *Date*          *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**